IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,716-04






EX PARTE JOHN CECIL CLEMENTS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM RUSK COUNTY

IN CAUSE NO. CR90-003

IN THE FOURTH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery and was sentenced to confinement for fifteen years. No
direct appeal was taken. 

 Applicant contends that he was denied due process in his parole revocation hearing.
Specifically, he contends that he was not allowed to present evidence. 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from the Parole Division of the Texas Department of Criminal
Justice, or it may order a hearing. In the appropriate case the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether Applicant was denied his right to present evidence that he was on
medication. If the trial court finds that Applicant was denied this right, it should also make
findings of fact as to whether Applicant's due process rights were violated. The trial court
should also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 25th DAY OF JANUARY, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.